United States District Court
Southern District of Texas
**ENTERED**
July 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL MAX ROMANO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 25-1548 |
| | § | |
| MATAGORDA COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Daniel Max Romano sues Matagorda County and several of its employees for injuries that he allegedly sustained while incarcerated pretrial at the Matagorda County jail. (Docket Entry No. 1). The defendants move to transfer the case from the Houston Division to the Galveston Division of this district. (Docket Entry Nos. 12, 15-2, 16, 17-2, 18).[1] Romano opposes transfer. (Docket Entry No. 19).

Under 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." All the defendants reside in Texas. (Docket Entry No. 19 at 13). One defendant, Lee Longoria, resides in Wharton County, Texas, which is in the Houston Division of the Southern District of Texas. *See* (Docket Entry No. 19-1 at 2). Venue is proper in this court, but that does not resolve whether the case should be transferred to a different division.

---

[1] Two defendants have moved for leave to file answers out of time. (Docket Entry Nos. 15, 17). Those defendants also request that the court transfer this case to the Galveston Division. (Docket Entry Nos. 15-2, 17-2). The motions for leave, (Docket Entry Nos. 15, 17), are granted. Because Matagorda County has now been properly served and answered, Matagorda County's motion to dismiss under Rule 12(b)(5), (Docket Entry No. 8), is denied as moot.

For the convenience of the parties and witnesses and in the interest of justice, this court may transfer the case to another division where it could have been brought. 28 U.S.C. § 1404(a). This case could have been filed in the Galveston Division because "a substantial part of the events or omissions giving rise to the claim occurred" in Matagorda County, which is in the Galveston Division. *See* 28 U.S.C. § 1391(b)(2).

The party seeking transfer under § 1404(a) must show that "the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). When determining whether to transfer under § 1404(a), courts consider "a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen, AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam).

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d at 315 (quotation marks and citations omitted). "A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party." *Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. 3:04-CV-2391-L, 2005 WL 2415960, at *3 (N.D. Tex. Sept. 30, 2005).

Romano alleges that on April 13, 2023, he was assaulted by several officers in the Matagorda County jail. (Docket Entry No. 1 at ¶ 16). He alleges that during the night he spent at the jail, the officers denied him medical care for the injuries he sustained in the assault. (*Id.* at ¶¶ 46–51). He alleges that his brother picked him up from the jail in the morning and took him to

a regional hospital down the street, where he received medical treatment for internal bleeding and a brain injury. (*Id.* at ¶ 29). The jail and the regional hospital are both in the Galveston Division.

Romano alleges that he was airlifted from the regional hospital to the Texas Medical Center in Houston, Texas, where he "spent numerous days in the hospital." (Docket Entry No. 1 at ¶ 30). The subsequent treatment for his injuries was in Houston, including "emergency surgeries at Memorial Hermann" and "ongoing treatment at UT Health and the National Brain Injury Institute." (Docket Entry No. 19 at 6); *see also* (Docket Entry Nos. 21-1, 21-2, 21-3, 21-4, 21-5) (medical records). Romano argues that "nearly every treating provider" and his extensive medical records are in the Houston Division. (Docket Entry No. 19 at 6).

"The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a)." *Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, 629 F. Supp. 2d 759, 762 (S.D. Tex. 2009). Matagorda County, a defendant in this case, is in the Galveston Division, as are five of the six individual defendants. One defendant lives and works in the Houston Division. At the initial conference, Romano's counsel stated that Romano was "in Houston." The civil cover sheet says that Romano is a resident of Galveston County. (Docket Entry No. 1-1). Romano's medical records state that his address is in Corpus Cristi. *See, e.g.*, (Docket Entry No. 21-2 at 37).

Courts give greater weight to the convenience of the forum to non-party witnesses than to party witnesses. *See Mid-Continent Cas. Co.*, 629 F. Supp. 2d at 763. A party moving for transfer based on the availability and convenience of witnesses generally must "identify key witnesses and provide a brief outline of their likely testimony." *Bruton v. Gen. Motors Corp.*, No. CIV.A. G-05-307, 2005 WL 2648026, at *2 (S.D. Tex. Oct. 14, 2005). The defendants' motions did not identify any non-party witnesses located in Matagorda County. The only basis for transfer the defendants

identify is that "the alleged violations occurred only in Matagorda County." *See, e.g.*, (Docket Entry No. 12 at 1–2).

The only non-party witnesses identified by either side are medical professionals. The location of expert witnesses is "pertinent" to the § 1404(a) analysis but "generally given less weight than the location of non-party fact witnesses." *Mid-Continent Cas. Co.*, 629 F. Supp. 2d at 765. The underlying presumption is that "experts retained by a party are under the party's control and will travel as necessary for depositions and trials." *Id.* That presumption does not apply to treatment providers who serve as non-retained expert witnesses. Although Romano received some treatment from first responders in Matagorda County, the vast majority of Romano's non-retained medical providers are in Houston. *See* (Docket Entry No. 19 at 18). Because Romano's Houston-based medical providers account for most of the non-party witnesses, the court gives considerable weight to the inconvenience to these witnesses if the case is transferred from the Houston Division to the Galveston Division.

As for the other relevant interests, Matagorda County has a unique and strong interest in having this case decided at home. The Texas venue statute recognizes that interest by requiring plaintiffs who sue a Texas county in state court to file suit in that county. *See* TEX. CIV. PRAC. & REM. CODE § 15.015. Although that statute does not govern venue in federal court, it is evidence of Matagorda County's interest in having the case resolved where it is located, which is the Galveston Division. At the same time, federal law recognizes that a plaintiff's choice of venue is to be favored. *See Toshiba*, 2005 WL 2415960 at *3; *see also Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003).

On the record before the court, the defendants have failed to show that the Galveston Division is "clearly more convenient" than the Houston Division, where the plaintiff chose to sue and where the vast majority of the non-party witnesses are located. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 315. The motions to transfer are denied.

SIGNED on July 17, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge